UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY C. HALBERT,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, *et al.*,<br><br>　　　　　Defendants. | Civil No. 07cv1607-L(LSP)<br><br>**ORDER DENYING DEFENDANT SAM SAMOA'S MOTION TO DISMISS** |

　　　In this civil rights action Plaintiff alleges pursuant to 42 U.S.C. § 1983 that his constitutional rights were violated by several law enforcement officers. Defendant Oceanside Police Detective Sam Samoa ("Defendant") filed a motion to dismiss based on the expiration of the statute of limitations. Plaintiff filed an opposition and Defendant filed a reply.[1] For the reasons which follow, the motion is **DENIED**.

　　　Plaintiff alleged he was injured on August 19, 2005. (Fourth Am. Compl. at 4-5.) The original complaint was filed August 14, 2007. However, the original complaint did not name Defendant Samoa by his name, but instead named several Doe defendants. Defendant Samoa was substituted for Doe 5 and identified by his name for the first time in the fourth amended complaint filed August 5, 2008. It is undisputed that the applicable statute of limitations is two

---

[1] The reply was not timely filed pursuant to Civil Local Rule 7.1(e)(3).

years pursuant to California Code of Civil Procedure Section 335.1. *See Action Apartment Ass'n Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1026 (2007). It is also undisputed that the original complaint was timely filed and that the fourth amended complaint was filed after the expiration of the statute of limitations. Defendant argues that the fourth amended complaint does not relate back the date of the original complaint and that he should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because all the claims asserted against him are time-barred.

In the context of amending a complaint to substitute a fictitiously-named defendant, "California law, not the Federal Rules of Civil Procedure, governs whether in a section 1983 action an amended complaint relates back to the filing of the original complaint." *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989). In this regard, Section 474 of the California Code of Civil Procedure provides in pertinent part:

> When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint . . . and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly . . ..

Provided the requirements of section 474 are satisfied, "the amendment is deemed to relate back to the filing date of the original complaint for purposes of the statute of limitations." *Fireman's Fund Ins. Co. v. Sparks Constr., Inc.*, 114 Cal. App. 4th 1135, 1143 (2004) (internal quotation marks, brackets and citation omitted). The purpose of section 474 "is to enable a plaintiff to commence an action before it has become barred by the statute of limitations due to plaintiff's ignorance of the identity of the defendant. The statute should be liberally construed to accomplish that purpose." *Dieckmann v. Super. Ct. (Int'l Harvester Corp.)*, 175 Cal. App. 3d 345, 354 (1985). "Nevertheless, [the] requirements, as so construed, are mandatory." *Fireman's Fund*, 114 Cal. App. 4th at 1143-44.

/ / / / /
/ / / / /
/ / / / /
/ / / / /

Defendant argues that Plaintiff's original complaint did not comply with the requirements of section 474 and that the fourth amended complaint therefore does not relate back. In the original complaint Plaintiff named Doe defendants and alleged:

> Plaintiffs allege that each of the Defendants named as DOE was in some manner responsible for the acts and omissions alleged herein, and Plaintiff will ask leave of this court to amend this Complaint to allege such name and responsibility when that information is ascertained.

(Compl. at 2.) Defendant argues that Plaintiff did not comply with section 474 because he did not expressly allege that he was ignorant of the names of the Doe defendants.

By means of relating back to the filing of the original complaint, section 474 effectively extends the statute of limitations as to unknown defendants. *Fireman's Fund*, 114 Cal. App. 4th at 1143. In this regard, the court can apply section 474 as substantive California law pertaining to the statute of limitations. *Rumberg v. Weber Aircraft Corp.*, 424 F.Supp. 294, 298 (C.D. Cal. 1976), adopted as the law of the circuit in *Lindley v. Gen Elec. Co.*, 780 F.2d 797, 800 (9th Cir. 1986). However, irrespective of the source of subject matter jurisdiction, in federal court, procedure is governed by federal law, particularly when an issue is directly covered by the Federal Rules of Civil Procedure. *Hanna v. Plumer*, 380 U.S. 460 (1965); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003). Accordingly, this court can apply the substantive relation-back feature of section 474 "without requiring compliance in this forum with an implementing state procedural mechanism . . . ." *Rumberg*, 424 F.Supp. at 298 (rejecting the argument that action should be dismissed as time-barred because plaintiff failed to comply with section 474 when she did not name any Doe defendants in the original complaint); *Lindley*, 780 F.2d at 801-02 (same when the plaintiff simply named a new defendant outright rather than substituting it for a Doe defendant).

In this forum, specificity of pleading is governed by Federal Rules of Civil Procedure 8 and 9. Failure to state a claim, the legal basis for the pending motion, is governed by Rule 12(b)(6). Accordingly, the specificity with which Plaintiff must allege ignorance of Doe defendants' names is governed by federal law. *Cf. Vess*, 317 F.3d at 1103 (Federal Rule 9(b)'s particularity of pleading requirement applies to state-law fraud-based causes of action). In

reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations in the complaint and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Although Plaintiff did not expressly allege ignorance of Doe defendants' names, ignorance can reasonably be inferred from the allegation that he intends to seek leave to amend the complaint to allege Doe defendants' names "when that information is ascertained." (Compl. at 2.)

Furthermore, "[a] motion to dismiss based on the running of the statute of limitations period may be granted only 'if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove the statute was tolled.'" *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206-07 (9th Cir. 1995), quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). The motion must be denied if the factual and legal issues are not sufficiently clear to permit a determination with certainty whether the action was timely. *See Supermail Cargo*, 68 F.3d at 1207. In this case, the allegations, read with the requisite liberality, do not preclude a finding that the action was timely filed against Defendant as provided in section 474. Accordingly, Plaintiff's allegations are sufficient to overcome a Rule 12(b)(6) challenge.

For the foregoing reasons, Defendant Sam Samoa's motion to dismiss is **DENIED**.

**IT IS SO ORDERED**.

DATED: April 15, 2009

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. LEO S. PAPAS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL