1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                      SOUTHERN DISTRICT OF CALIFORNIA

10

11  ANTHONY C. HALBERT,                    )    Civil No. 07cv1607-L(WVG)
                                           )
12                        Plaintiff,       )    **ORDER REJECTING AMENDED**
                                           )    **PROPOSED PRETRIAL ORDER**
                                           )    **AND CONTINUING FINAL**
13  v.                                     )    **PRETRIAL CONFERENCE**
                                           )
14  COUNTY OF SAN DIEGO, *et al.*,         )
                                           )
15                        Defendants.      )
                                           )
16  _____

17          On November 15, 2010 this civil rights action came on for a pretrial conference.  Alvin

18  M. Gomez, Esq. appeared on behalf of Plaintiff, Michael R. McGuinness, Esq. appeared on

19  behalf of Defendant Roger Rodriguez, Diane M. Schweiner, Esq. appeared on behalf of

20  Defendant Glenn Graczyk, and Tarquin Preziosi, Esq. appeared on behalf of Defendant Sam

21  Samoa.  Pursuant to the order of this court issued on October 22, 2010, the parties had lodged an

22  amended proposed pretrial order.  For the reasons stated at the hearing and as amplified below,

23  the amended proposed pretrial order is **REJECTED** and the final pretrial conference is

24  **CONTINUED**.

25          The amended proposed pretrial order inadequately defines the factual and legal issues for

26  trial consistent with the March 30, 2010 order on cross-motions for summary judgment

27  ("Order").  Specifically, in the October 22, 2010 order rejecting the initial version of the

28  proposed pretrial order, the parties were directed to revise the factual issues based on the

elements of the excessive force claims remaining after cross-motions for summary judgment and the findings regarding disputed issues of fact.  The parties have not done so.  For the reasons more fully discussed at the hearing, the issue of fact listed as item 1 in the amended proposed pretrial order needs to be broken down to the issues of fact corresponding to the three theories of excessive force which remain in the case and the elements of the claim, to the extent they remain disputed.  As discussed at the hearing, the issue listed as item 13, must be revised consistently with the excessive force factors.  *See*, *e.g.*, *Tekle v. United States*, 511 F.3d 839, 844-45 (9th Cir. 2007); Ninth Cir. Model Civ. Jury Instr. no. 9.22 (same factors).

Given that only the excessive force cause of action remains, the section of the amended proposed pretrial order listing the issues of law to be litigated needs to be revised.  The first issue, "Whether each Defendant acted under color of law," has been resolved for purposes of trial.  All Defendants admit that they acted in their respective capacities as law enforcement officers, and therefore under color of law, at the relevant time.  At the hearing, the counsel explained that an issue remains only with respect to attorney's fees and only with respect to Defendant Graczyk.  Should Plaintiff prevail at trial, Defendant Graczyk, while admitting that he acted in his capacity as a federal law enforcement officer, does not admit that he acted under the color of state law for purposes of attorney's fees.  Because the parties reserved attorney's fees for a post-trial motion, the issue is not to be decided at trial.  The amended proposed pretrial order shall therefore be revised accordingly.

The third listed issue, "Whether any Defendant violated Plaintiff Halbert's Fourth Amendment right to be free from unreasonable searches and seizures," needs to be revised to reflect that there is no claim for unreasonable search remaining in this case.  The second issue, "Whether any Defendant violated 42 U.S.C. § 1983 and the civil rights of Plaintiff by engaging in the use of excessive force," is subsumed in the third issue, considering that there is no dispute whether Defendants acted under color of law.  *See* Ninth Cir. Model Jury Instr. 9.2.

The fourth issue, "Whether Defendants are entitled to qualified immunity," should be revised because Defendants' qualified immunity argument was rejected on summary judgment.  / / / / /

07cv1607

1  (See Order at 21-22 & 26.)  As indicated in the October 22, 2010 order, the court is not inclined

2  to revisit issues which were decided on summary judgment.

3      The fifth legal issue, raised on behalf of Defendant Graczyk, is "Whether any Defendant

4  can be liable to Plaintiff under the 'integral participation' theory of the alleged acts of other

5  Defendants."  As stated in the October 22, 2010 order, this issue will be decided by a motion

6  rather than at trial because it raises solely the legal issue about the continued viability of the

7  integral participant doctrine after *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2008).

8      The seventh listed issue, "Whether Plaintiff may seek damages for alleged physical and

9  psychological injuries when such injuries were caused in whole or in part by acts or omissions

10  found by the Court to be constitutional," should be omitted.  It is beyond dispute that if

11  Defendants did not violate Plaintiff's constitutional rights, there cannot be a verdict for Plaintiff.

12  *See* Ninth Cir. Civ. Jury Instr. 9.2 ("If you find the plaintiff has proved each of [the section

13  1983] elements, and if you find that the plaintiff has proved all the elements he is required to

14  prove under Instruction [regarding excessive force [no. 9.22]], your verdict should be for the

15  plaintiff.  If, on the other hand, the plaintiff has failed to prove any one or more of these

16  elements, your verdict should be for the defendant.").)  To the extent the issue is whether, under

17  circumstances where only some of Defendants' conduct during the incident is found

18  unconstitutional, Plaintiff should recover damages which were caused by the incident in general,

19  the issue is a factual one of causation, and is addressed in the amended proposed pretrial order

20  by the issues of fact listed as items 2 through 4.  Finally, to the extent the issue is whether

21  Plaintiff can prove causation without expert testimony, the issue is an evidentiary one for

22  motions in limine and evidentiary objections rather than an issue of law to be tried.

23      The last issue of law on the list, "Whether Plaintiff may recover any future medical

24  expense or lost wages damages in the absence of an expert testifying regarding the present value

25  of any future damages," is an evidentiary issue for motions in limine and objections rather than

26  an issue of law to be tried.  It should therefore be excluded.

27      The parties propose an eight-day trial with 29 witnesses and 104 exhibits.  As discussed at

28  the hearing, this appears excessive in light of the claims which remain in the case.  The parties

07cv1607

1  are encouraged to again review the summary judgment order and frame the evidence they intend

2  to introduce only around the issues which remain disputed.

3        Based on the foregoing, it is hereby **ORDERED** as follows:

4        1.  The amended proposed pretrial order dated November 5, 2010 is hereby **REJECTED**.

5        2.  The parties shall meet and confer in person to prepare a revised proposed pretrial order

6  in compliance with this order and the guidance provided at the hearing.

7        3.  No later than **November 29, 2010**, Plaintiff shall deliver to chambers three copies of a

8  fully executed revised proposed pretrial order.

9        4.  The final pretrial conference is **CONTINUED** to **December 6, 2010 at 11:00 a.m**.

10        **IT IS SO ORDERED**.

11

12  DATED:  November 16, 2010

13

14  M. James Lorenz
      United States District Court Judge

15  COPY TO:

16  HON. WILLIAM V. GALLO
UNITED STATES MAGISTRATE JUDGE

17  ALL PARTIES/COUNSEL

18

19

20

21

22

23

24

25

26

27

28

07cv1607