FILED

10 DEC -9  PM 12: 52

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                    DEPUTY

# UNITED STATE DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

ANTHONY C. HALBERT,

        Plaintiff,

v.

ROGER RODRIGUEZ, SAM SAMOA,
and GLENN GRACZYK.

        Defendants,

Case No: **07-1607-L (WVG)**

**PRETRIAL ORDER**

**Pretrial Conference:  December 6, 2010**
**Time: 11:00am**
**Courtroom: 14**
**Judge: Hon. M. James Lorenz**

    Following pretrial proceedings pursuant to Fed. R. Civ. P. 16 and Civil Local Rule 16.1.f.6,

    IT IS ORDERED:

1

## I.

## NATURE OF ACTION / CAUSES OF ACTION TO BE TRIED

This action involves Plaintiff Anthony Halbert's allegations that the three Defendant officers used excessive force against Plaintiff on August 19, 2005. Three factual theories of this claim to be decided are: (1) whether Defendants Rodriguez, Graczyk and/or Samoa can be held liable for applying excessive force when Plaintiff was handcuffed; (2) whether they or any of them can be held liable for applying the handcuffs too tightly; and (3) whether Defendant Samoa can be held liable for using excessive force while Plaintiff was walking up a stairway.

Plaintiff's complaint is based on 42 U.S.C. Section 1983. "To establish a violation of 42 U.S.C. § 1983, [a plaintiff] must prove that [the defendant]: (1) acted under color of state law, and (2) deprived [the plaintiff] of [his or her] constitutional rights." *Dawson v. City of Seattle*, 435 F.3d 1054, 1061 (9th Cir. 2006). Section 1983 applies to Plaintiff's constitutional claims against state law enforcement officers, *i.e.*, Defendants Rodriguez and Samoa.

Agent Graczyk was a federal agent, and the action against him is brought pursuant to *Bivens*. In *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), the Supreme Court recognized a damage action against federal agents brought directly under the Constitution. *See also Tekle v. United States*, 511 F.3d 839, 844 (9th Cir. 2007) ("*Bivens* is a judicially created cause of action against federal officers arising under the United States Constitution."). The complaint against Agent Graczyk is a *Bivens* claim.

## II.

## FEDERAL JURISDICTION AND VENUE

Federal jurisdiction is invoked against Defendants Sam Samoa and Roger Rodriguez upon the grounds that this action is brought under 42 U.S.C. Section 1983. Federal jurisdiction is invoked against Defendant Glenn Graczyk due to the fact he is a federal employee sued under a Bivens theory. The alleged constitutional violations alleged in the Plaintiff's complaint took place in San Diego County and venue in the United States District Court for the Southern District of California is proper.

## III.

## ADMITTED FACTS

1.      On August 19, 2005, Defendants Rodriguez, Samoa and Gracyzk were members of the J.U.D.G.E. (Jurisdictions Unified for Drug/Gang Enforcement) Unit ("Unit"), and were acting in their capacities as law enforcement personnel at the time they entered 1521 Neptune Street, Encinitas, California.

2.      The seven officers serving on the J.U.D.G.E. unit in August 2005 included the following individuals:  Eugene Davis (a Sergeant with the County of San Diego), Joseph Spina (County Sheriff and the case agent for the August 19, 2005 search), Darrin Knox (Probation Officer with the County), Nicholas Maryn (County Sheriff), Roger Rodriguez (Escondido police officer), Sam Samoa (Oceanside police officer), and Glenn Graczyk (senior border patrol agent with the U.S. Customs and Border Patrol).

3.      Plaintiff Anthony C. Halbert was born on March 10, 1954.

4.      Mr. Halbert worked at McAlister Institute for Treatment and Education Inc.

3

Pretrial Order

Case No.: 07-1607-L (WVG)

5.    On August 19, 2005, Plaintiff rented a room at 1521 Neptune Street, Encinitas, California.

## IV.

## RESERVATION/OBJECTION TO FACTS

None.

## V.

## FACTS NOT TO BE CONTESTED AT TRIAL (BUT NOT ADMITTED)

1.    Plaintiff incurred medical bills after August 19, 2005.

2.    The parties stipulate to the authenticity of the medical records of Anthony C. Halbert (such that the Plaintiff is not required to call the custodian of records to authenticate records).

## VI.

## ISSUES OF FACT THAT REMAIN TO BE LITIGATED

1.    Whether Defendants Rodriguez, Graczyk and/or Samoa can be held liable for applying excessive force when Plaintiff was handcuffed.

2.    Whether Defendants or any of them can be held liable for applying the handcuffs too tightly.

3.    Whether Defendant Samoa can be held liable for using excessive force while Plaintiff was walking up a stairway.

4

Pretrial Order

Case No.: 07-1607-L (WVG)

4.      Whether Anthony Halbert sustained any physical injuries as a result of the violation of his Civil Rights under the Fourth Amendment of the United States Constitution, and if so, the nature and extent of those injuries.

5.      Whether Anthony Halbert sustained any economic damages of medical bills/expenses and wage loss (past, present and future) as a result of the violation of his Civil Rights under the Fourth Amendment of the United States Constitution.

6.      Whether Anthony Halbert sustained non economic damages (past, present and future) as a result of the violation of his Civil Rights under the Fourth Amendment of the United States Constitution.

7.      Whether there is any causal link between Plaintiff's alleged injuries and the Defendant officers' conduct on August 19, 2005.

8.      Whether Plaintiff's medical and/or psychological treatment related to the August 19, 2005 incident was reasonable.

9.      The nature and extent of Plaintiff's pre-existing injuries.

10.      The nature and extent of Plaintiff's ability to work in his jewelry business and/or at the McAlister Institute subsequent to August 19, 2005.[1]

11.      Whether Plaintiff is in need of any future medical and/or psychological care related to the Defendant officers' conduct on August 19, 2005.

---

[1] Plaintiff is not claiming lost wages with respect to his jewelry business, and as such, Plaintiff contends that this fact is not relevant and will bring a motion in limine to exclude any evidence on this issue. Defendants believe this fact is relevant to several remaining issues in the case.

Pretrial Order

Case No.: 07-1607-L (WVG)

12.     If Plaintiff is allowed to introduce evidence of alleged psychological injuries or damages, whether such injuries and damages were caused by the acts or omissions of the Defendants, and if so, the nature and extent of those injuries and damages.

13.     Whether Plaintiff has properly mitigated his damages.

14.     Whether Plaintiff is entitled to recover lost insurance benefits or COBRA payments under the facts and circumstances of this case.

## VII.
## EXHIBITS TO BE OFFERED AT TRIAL

See attached Joint Exhibit List.

## VIII.
## LIST OF WITNESSES

See attached Joint Witness List.

## IX.
## ISSUES OF LAW THAT REMAIN TO BE LITIGATED

The issues of law include but are not limited as follows:

1.     Whether any Defendant violated Plaintiff Halbert's Constitutional Rights by engaging in the use of excessive force.

///

Pretrial Order
Case No.: 07-1607-L (WVG)

# X.

## PLEADINGS SUPPLEMENTED BY ORDER

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues of fact and law remaining to be litigated, this order must supplement the pleadings and govern the course of the trial in this cause, unless modified to prevent manifest injustice.

# XI.

## JURY TRIAL

The case will be tried by a jury.

# XII.

## BIFURCATION OF ISSUES

The parties propose that the trial of this case will be bifurcated.  The first phase of the trial will relate to the substantive allegations of the complaint, Plaintiff's alleged injuries and damages, Defendants' defenses, and whether there is a preponderance of evidence that Defendants' conduct was malicious, oppressive or in reckless disregard of Plaintiff's rights.  If there is a finding that any such conduct was malicious, oppressive or reckless, then the second phase will include evidence and argument on the financial condition of the Defendant(s) found liable for punitive damages and the amount of the punitive damages. In the event Plaintiff obtains a favorable verdict at trial, attorney's fees sustained by Plaintiff will be decided via post-trial motion against any Defendant

Pretrial Order

Case No.: 07-1607-L (WVG)

1  except as to Defendant Graczyk, who is not subject to attorney's fees under 42 U.S.C.

2  Section 1988."

3

4

## XIII.

5

## TRIAL ESTIMATE

6

7  Time estimated for trial is 8 days.

8

9  DATED: 12/9/10

   Honorable M. James Lorenz
10                                        United States District Court Judge

11

12  APPROVED AS TO FORM AND CONTENT:

13

14  Dated: November 29, 2010

                                          GOMEZ LAW GROUP
15

16
                                          Alvin M. Gómez, Esq.
17                                        Attorney for Anthony C. Halbert

18
    Dated: November ____, 2010            OFFICE OF THE CITY ATTORNEY
19                                        Jeffrey R. Epp, City Attorney

20
                                          By:_____
21                                        Michael R. McGuinness
                                          Attorneys for Roger Rodriguez
22

23  Dated: November ____, 2010            U.S. ATTORNEY'S OFFICE

24

25
                                          By:_____
26                                        Dianne M. Schweiner, Esq.
                                          Attorneys for Glenn Graczyk
27

28                                        8

---

Pretrial Order

Case No.: 07-1607-L (WVG)

except as to Defendant Graczyk, who is not subject to attorney's fees under 42 U.S.C.

Section 1988."

## XIII.

## TRIAL ESTIMATE

Time estimated for trial is 8 days.


DATED: _____              _____
                               Honorable M. James Lorenz
                               United States District Court Judge


APPROVED AS TO FORM AND CONTENT:

Dated: November ____, 2010     GOMEZ LAW GROUP


                               _____
                               Alvin M. Gomez, Esq.
                               Attorney for Anthony C. Halbert


Dated: November 29, 2010       OFFICE OF THE CITY ATTORNEY
                               Jeffrey R. Epp, City Attorney

                               By:_____
                               Michael R. McGuinness
                               Attorneys for Roger Rodriguez


Dated: November ____, 2010     U.S. ATTORNEY'S OFFICE


                               By:_____
                               Dianne M. Schweiner, Esq.
                               Attorneys for Glenn Graczyk

8

1   except as to Defendant Graczyk, who is not subject to attorney's fees under 42 U.S.C.

2   Section 1988."

3

4                                    **XIII.**

5                               **TRIAL ESTIMATE**

6                   Time estimated for trial is 8 days.

7

8

9   DATED: _____        _____
                                Honorable M. James Lorenz
10                              United States District Court Judge

11

12  APPROVED AS TO FORM AND CONTENT:

13

14  Dated: November ____, 2010        GOMEZ LAW GROUP

15

16                                    _____
                                      Alvin M. Gomez, Esq.
17                                    Attorney for Anthony C. Halbert

18
    Dated: November ____, 2010        OFFICE OF THE CITY ATTORNEY
19                                    Jeffrey R. Epp, City Attorney

20                                    By:_____
21                                    Michael R. McGuinness
                                      Attorneys for Roger Rodriguez
22

23  Dated: November 29, 2010          U.S. ATTORNEY'S OFFICE

24

25                                    By: _____
26                                    Dianne M. Schweiner, Esq.
                                      Attorneys for Glenn Graczyk
27

28                          8

                         Pretrial Order

                  Case No.: 07-1607-L (WVG)

Dated: November 29, 2010

OFFICE OF THE CITY ATTORNEY

By:
Tarquin Preziosi, Esq.
Attorneys for Sam Samoa

9

Pretrial Order

Case No.: 07-1607-L (WVG)

*Anthony C. Halbert v. Rodriguez, et al.*
**United States District Court Case No. 07-1607-L (WVG)**

## JOINT EXHIBIT LIST

| Exhibit Number | Dated Marked | Date Admitted | Description of Document | Objections[1] |
|---|---|---|---|---|
| 1 | | | SDPD Joseph Carter Arrest Report 8/19/2005 marked pages 1-10 | 3, 6, 8 |
| 2 | | | J.U.D.G.E. Operation Agreement 2005-2006 marked pages 1 through 14 | 1 |
| 3 | | | J.U.D.G.E. Memorandum of Agreement – Relationship & Responsibilities marked pages 1 through 5 | 1 |
| 4 | | | JUDGE Unit Operations Manual marked pages 1 through 18 | 1 |
| 5 | | | Photo taken by Spina marked as Knox Depo Exhibit 7 | 3, 4, 5, 6, 9, 13 |
| 6 | | | Photo taken by Spina marked as Graczyk Depo Exhibit 35A | 3, 4, 5, 6, 9, 13 |
| 7 | | | Photo taken by Spina marked as Graczyk Depo Exhibit 35H | 3, 4, 5, 6, 9, 13 |
| 8 | | | Photo taken by Spina marked as Graczyk Depo Exhibit 35K | 3, 4, 5, 6, 9, 13 |
| 9 | | | Photo taken by Spina marked as Graczyk Depo Exhibit 35L | 3, 4, 5, 6, 9, 13 |

[1] π = Plaintiff Anthony Halbert; Δ= Defendants Rodriguez, Samoa, and Graczyk

[1] Grounds for Objection
1. No objection: Admissibility Stipulated
2. Irrelevant (Rule 402)
3. Hearsay (Rule 802)
4. Incomplete (Rule 106)
5. Cumulative (Rule 403)
6. No Foundation (Rule 602)
7. Unqualified Expert (Rule 702)
8. Opinion Testimony by Lay Witness (Rule 701)
9. No Authentication (Rule 901)
10. Identification only, not to be offered.
11. Failure to comply with expert disclosure.
12. Invasion of privacy
13. Prejudicial (Rule 403)

| 10 | | | Photograph (front of house) Photo taken by Spina marked as Graczyk Depo Exhibit 35B | 2, 3, 4, 5, 6, 8, 9, 13 |
|---|---|---|---|---|
| 11 | | | Photograph (needle) | 2, 3, 4, 5, 6, 8, 9, 13 |
| 12 | | | Photograph (pills on jeans) | 2, 3, 4, 5, 6, 8, 9, 13 |
| 13 | | | Photograph (needle and baggie) | 2, 3, 4, 5, 6, 8, 9, 13 |
| 14 | | | Photograph (spoon on jeans) | 2, 3, 4, 5, 6, 8, 9, 13 |
| 15 | | | Photograph (needle on wooden box) | 2, 3, 4, 5, 6, 8, 9, 13 |
| 16 | | | Photograph (2/6/08) (door to plaintiff's room) | 3, 4, 5, 6, 8, 9, 13 |
| 17 | | | Photograph (2/6/08) (view of hallway from plaintiff's room) | 2, 3, 4, 5, 6, 8, 9, 13 |
| 18 | | | Photograph (2/6/08) (garage) | 2, 3, 4, 5, 6, 8, 9, 13 |
| 19 | | | Photograph (2/6/08) (stairway to garage) | 2, 3, 4, 5, 6, 8, 9, 13 |
| 20 | | | Photograph (2/6/08) (stairway) | 2, 3, 4, 5, 6, 8, 9, 13 |
| 21 | | | Photograph of 1521 Neptune taken by Alvin M. Gomez on January 17, 2008 (side of house) | 2, 3, 4, 5, 6, 10 |
| 22 | | | Photograph of 1521 Neptune taken by Alvin M. Gomez on January 17, 2008 (laundry room) | 2, 3, 4, 5, 6, 10 |
| 23 | | | Photograph of 1521 Neptune taken by Alvin M. Gomez on January 17, 2008 (kitchen) | 2, 3, 4, 5, 6, 10 |
| 24 | | | Photograph of 1521 Neptune taken by Alvin M. Gomez on January 17, 2008 (stairs and door to kitchen) | 2, 3, 4, 5, 6, 10 |
| 25 | | | Photograph of 1521 Neptune taken by Alvin M. Gomez on January 17, 2008 (garage and screen door to stairs) | 2, 3, 4, 5, 6, 10 |

2

| | | | | |
|---|---|---|---|---|
| **26** | | | Photograph of 1521 Neptune taken by Alvin M. Gomez on January 17, 2008 (door with wooden ocean wave on it) | 2, 3, 4, 5, 6, 10 |
| **27** | | | Photograph of 1521 Neptune taken by Alvin M. Gomez on January 17, 2008 (door opened into room with a box in it) | 2, 3, 4, 5, 6, 10 |
| **28** | | | Photograph of 1521 Neptune taken by Alvin M. Gomez on January 17, 2008 (window with trunk underneath) | 2, 3, 4, 5, 6, 10 |
| **29** | | | J. Spina JUDGE Unit Contact Activity Report for Z. Carpenter, J. Carter, and Anthony C. Halbert | 1 |
| **30** | | | S. Samoa J.U.D.G.E Unit Daily Journal 8/19/2005 | 1 |
| **31** | | | J. Spina J.U.D.G.E. Unit Daily Journal 8/19/2005 | 2, 6, 9 |
| **32** | | | R. Rodriguez J.U.D.G.E. Unit Daily Journal 8/19/2005 | 1 |
| **33** | | | G. Graczyk J.U.D.G.E. Unit Daily Journal 8/19/2005 | 1 |
| **34** | | | D. Knox J.U.D.G.E. Unit Daily Journal 8/19/2005 | 2, 6, 9 |
| **35** | | | Medical Diagram - CUFF TEARS, BICEPS LESIONS, AND IMPINGEMENT, marked page 111 (Attached as Exh 115 to Dr. Miles' deposition) | 3, 5, 6 |
| **36** | | | Medical Diagram – CUFF TEARS, BICEPS LESIONS, AND IMPINGEMENT, marked page 114 (Attached as Exh 116 to Dr. Miles' deposition) | 3, 5, 6 |
| **37** | | | Photos - Mission Valley Heights SC for Anthony C. Halbert marked 46a through 46g | 3, 5, 6 |
| | | | Medical Diagram – CUFF TEARS, BICEPS LESIONS, AND | 3, 5, 6 |

3

| | | | | | |
|---|---|---|---|---|---|
| **38** | | | | IMPINGEMENT, marked page 102 (Attached as Exh 118 to Dr. Miles' deposition) | |
| **39** | | | | Anthony C. Halbert Certificate of Achievement in Behavioral Sciences – Alcohol & Other Drug Studies | 2, 3, 5 |
| **40** | | | | Anthony C. Halbert Certificate of Academic Achievement Dean's Honor List | 2, 3, 5 |
| **41** | | | | Special Interrogatories – Responding Party Defendant Roger Rodriguez | 3, 5, 6 |
| **42** | | | | Special Interrogatories – Responding Party Defendant Sam Samoa | 3, 5, 6 |
| **43** | | | | Itemized Economic Damages (medical, lost wages, insurance payments) With Each Bill from Each Provider Attached | 3, 4, 5, 6, 7, 8, 9 |
| **44** | | | | Timeline of medical treatment | 3, 4, 5, 6, 7, 8, 9 |
| **45** | | | | Report of Roger Clark – Specific POST Guidelines (June 1, 2009) | 3, 4, 5, 6, 7, 8, 9, 11 |
| **46** | | | | Report of Roger Clark (May 8, 2009) | 3, 4, 5, 6, 7, 8, 9, 11 |
| **47** | | | | Exemplar of shoulder (John Brault Report page 3) | 5, 6 |
| **48** | | | | Exemplar reproduction of shoulder injury (John Brault Report page 4) | 5, 6 |
| **49** | | | | Exemplar reproduction of neck injury (John Brault Report page 5) | 5, 6 |
| **50** | | | | Report, Analysis and Opinions of John Brault, MS | 3, 5, 6, 7, 11 |
| **51** | | | | Handcuffs | 1 |

4

| | | | | |
|---|---|---|---|---|
| 52 | | | Medical Records from Kaiser Foundation Hospital/Southern California Permanente Medical Group | 3, 5, 6, 10 |
| 53 | | | Medical records from Alvarado Hospital | 3, 5, 6, 10 |
| 54 | | | Medical Records from Michael Huntley, M.D. marked pages 1 through 26 | 3, 5, 6, 10 |
| 55 | | | Records from CVS Pharmacy marked pages 1 through 5 | 3, 5, 6, 10 |
| 56 | | | Records from Sav-On Pharmacy marked pages 1 through 4 | 3, 5, 6, 10 |
| 57 | | | Plaintiff's Medical Records – Sharp-Rees Steely Medical Group  As related to Plaintiff's visit to the Urgent Care Clinic on August 19, 2005 and treated by Dr. Clark | 3 |
| 58 | | | Plaintiff's Sharp Medical Records* August 19, 2005 - February 1, 2009  Marked pages 1 through 391 | 3, 5, 6, 10 |
| 59 | | | Plaintiff's Sharp Medical Records* February 1, 2009 to the present marked pages 1 through 140 | 3, 5, 6, 10 |
| 60 | | | McAlister Institute Employment Records | 2, 3, 5, 6 |
| 61 | | | Plaintiff's federal tax return (2003) (Depo Ex 50) | 2, 3, 5, 6, 12 |
| 62 | | | Plaintiff's federal tax return (2005) (Depo Ex 51) | 2, 3, 5, 6, 12 |
| 63 | | | Plaintiff's federal tax return (2006) (Depo Ex 52) | 2, 3, 5, 6, 12 |
| 64 | | | Plaintiff's federal tax return (2007) (Depo Ex 53) | 2, 3, 5, 6, 12 |
| 65 | | | Hells Angels Stickers (Depo Ex 121) | 2, 3, 6, 8, 9, 13 |
| 66 | | | Photo of Hells Angels Stickers/Transfers (Depo Exh 124) | 2, 3, 6, 8, 9, 13 |

5

| 67 | | | Expert Report of Mark Kalish, M.D. | 3, 4, 5, 6, 7, 10, 11 |
|---|---|---|---|---|
| 68 | | | Expert Report of Dominick Addario, M.D. | 3, 4, 5, 6, 7, 10, 11 |
| 69 | | | Expert Report of Elmer Pellegrino | 3, 4, 5, 6, 7, 10, 11 |
| 70 | | | Expert Report of Raymond Vance dated May 6, 2008 | 3, 4, 5, 6, 7, 10, 11 |
| 71 | | | Expert Report of Raymond Vance dated March 12, 2009 | 3, 4, 5, 6, 7, 10, 11 |
| 72 | | | Expert Report of Raymond Vance dated April 24, 2009 | 3, 4, 5, 6, 7, 10, 11 |
| 73 | | | Expert Report of Raymond Vance dated May 4, 2009 | 3, 4, 5, 6, 7, 10, 11 |
| 74 | | | Interrogatories to Plaintiff (Propounded by County) and Responses Thereto | 2, 3, 4, 5, 6, 7, 8, 9 |
| 75 | | | Request for Production of Documents to Plaintiff (Propounded by County) and Responses Thereto | 2, 5, 6 |
| 76 | | | Interrogatories to Plaintiff (Propounded by Rodriguez) and Responses Thereto | 2, 5, 6 |
| 77 | | | Request for Production of Documents to Plaintiff (Propounded by Rodriguez) and Responses Thereto | 2, 5, 6 |
| 78 | | | Plaintiff's W-2 Forms 1999 | 2, 3, 6, 9, 12 |
| 79 | | | Plaintiff's W-2 Forms 2000 | 2, 3, 6, 9, 12 |
| 80 | | | Plaintiff's W-2 Forms 2001 | 2, 3, 6, 9, 12 |
| | | | | 2, 3, 6, 9, 12 |

07-CV-1607-L (WVG)

| 81 | | | Plaintiff's W-2 Forms 2002 | |
|---|---|---|---|---|
| 82 | | | Plaintiff's W-2 Forms 2003 | 2, 3, 6, 9, 12 |
| 83 | | | Plaintiff's W-2 Forms 2004 | 2, 3, 6, 9, 12 |
| 84 | | | Plaintiff's W-2 Forms 2005 | 2, 3, 6, 9, 12 |
| 85 | | | Plaintiff's W-2 Forms 2006 | 2, 3, 6, 9, 12 |
| 86 | | | Plaintiff's W-2 Forms 2007 | 2, 3, 6, 9, 12 |
| 87 | | | Chart of Plaintiff's Income for 1999-2007 | 2, 3, 4, 5, 6, 7, 8, 9, 12 |
| 88 | | | POST Learning Domain 20 – Use of Force Version Two | 3, 5, 6, 7 |
| 89 | | | POST Learning Domain 33 – Arrest Methods/Defense Tactics Version Three | 3, 5, 6, 7 |
| 90 | | | Anthony C. Halbert Anthem Blue Cross invoices and check copies | 4, 5, 6, 9 |
| 91 | | | Anthony C. Halbert written account of incident 8/19/2005 | 3, 5 |

All parties reserve the right to offer any exhibits for impeachment purposes.

*Anthony C. Halbert v. Rodriguez, et al.*
**United States District Court Case No. 07-1607-L (WVG)**

**JOINT WITNESS LIST**

| WITNESSES | PERCIPIENT OR EXPERT WITNESS |
|---|---|
| Robert Able | Percipient |
| Thomas Adamson, M.D. | Non-Retained Expert |
| Dominick Addario, M.D. | Expert |
| John Brault, MS | Expert |
| Zachary Carpenter | Percipient |
| Joseph Carter | Percipient |
| David Allen Clark, M.D. | Non-Retained Expert |
| Roger A. Clark | Expert |
| Lester Davis | Percipient |
| Dr. Mary Du Quette, M.D. | Non-Retained Expert |
| Art Fayer | Percipient |
| Glen Graczyk | Party |
| Anthony Halbert | Party |
| Kristin Halbert | Percipient |
| R. Edward Harpin, Ph.D. | Non-Retained Expert |
| Michael J. Huntley, MD | Non-Retained Expert |
| Mark Kalish, M.D. | Expert |
| Darrin Knox | Percipient |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| Amy Lopes | Non-Retained Expert |
| Nicholas Maryn | Percipient |
| John W. Miles III, M.D. | Non-Retained Expert |
| Elmer Pelligrino | Expert |
| Roger Rodriguez | Party |
| Samoa Samoa | Party |
| Dr. Jefferey Shepard | Non-Retained Expert |
| Joseph Spina | Percipient |
| Dr. Raymond Vance | Expert |